J-S32008-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MARTHA FENCHAK BELL | |
| Appellant | No. 620 WDA 2013 |

Appeal from the PCRA Order March 14, 2014
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0005045-2004

BEFORE: PANELLA, J., DONOHUE, J., and ALLEN, J.

MEMORANDUM BY PANELLA, J.                    **FILED AUGUST 5, 2014**

Appellant, Martha Fenchak Bell, appeals from the denial of post-conviction relief pursuant to the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546, (PCRA) entered on March 14, 2013, by the Honorable David R. Cashman, Court of Common Pleas of Allegheny County. We affirm.

As we write exclusively for the parties, who are familiar with the factual context and legal history of this case, we set forth only so much of the procedural history as is necessary to our analysis.

Bell was convicted on February 8, 2007, of one count each of the following crimes in connection with the death of Mabel Taylor: (1) involuntary manslaughter, (2) neglect of a care-dependent person, (3) recklessly endangering another person, and (4) criminal conspiracy. Bell was then sentenced on February 12, 2007, to 22-44 months' imprisonment.

During the sentencing hearing, the prosecution asked for clarification on whether the sentence was consecutive to the federal sentence Bell was already serving. The sentencing court confirmed that the sentence would be consecutive to the federal sentence. However, when the sentencing court entered the sentencing order it neglected to write that the sentence would be served consecutively to the federal sentence. This error was corrected in the written sentencing order on February 2, 2009, when the sentencing court amended the written order to show that the sentence was to be served consecutively to the federal convictions.

Bell appealed to this Court, and we affirmed in a memorandum decision filled on April 7, 2010. The Supreme Court of Pennsylvania denied *allocator* on December 1, 2010. Thereafter, Bell filed a timely PCRA petition. The PCRA court held a hearing on Bell's PCRA petition and subsequently entered an order denying relief on March 14, 2013. Bell then filled this timely appeal.

On appeal, Bell raises five issues for our review:

I.      Whether the trial court lacked authority to modify the terms of the written judgment of sentence where there was no clear clerical error in the sentence and whether Ms. Bell's right to due process was violated when the effective date of the sentence was changed to Ms. Bell's detriment?

II.     Whether the Commonwealth waived the right to challenge the sentence as expressed in the written sentencing order?

III.    Whether the PCRA court erred in not finding appellate counsel was ineffective for failing to object to the sentence modification?

IV.     Whether trial counsel was ineffective for failing to make the argument after trial that the Pennsylvania conviction

was barred by 18 P.S. 111 which protects the right not to be tried twice based on operative facts that substantially overlap a related federal prosecution which resulted in conviction and substantial sentence?

V. Whether trial counsel and appellate counsel were ineffective for not objecting to violation of the confrontations clause of the sixth amendment to the constitution based on admission of nurse Galati's confession implicating herself and Martha bell in violation of the Bruton rule?

Appellant's Brief, at 2.

Our standard of review regarding a PCRA court's denial of a petition for post-conviction relief is well settled. We examine whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. **See Commonwealth v. Smith**, 995 A.2d 1143, 1149 (Pa. 2010). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. **See id**. Our scope of review is limited to the findings of the PCRA court and the evidence of record. **See Commonwealth v. Burkett**, 5 A.3d 1260, 1267 (Pa. Super. 2010).

The first three issues on appeal all focus on the February 2, 2009 modification of the sentencing order by Judge Cashman. "It is well-settled in Pennsylvania that a trial court has the inherent, common-law authority to correct "clear clerical errors" in its orders." **Commonwealth v. Borrin**, 12 A.3d 456, 471 (Pa. Super. 2011) (*en banc*). This authority is maintained by the trial court even beyond the thirty day time period established in 42 Pa.C.S.A. § 5505. **See id**. A "clear clerical error" exists only where the trial court's intent to impose a certain sentence is clearly and unambiguously

declared during the sentencing hearing. *See id*. Conversely, where such stated intention is ambiguous, the terms of the written sentencing order must control and the trial court does not have inherent power to correct its mistake. *See id*.

In the instant case, the trial court clearly and unambiguously stated its intent that the sentence would run consecutive to any federal sentence during the sentencing proceeding. The following exchange occurred between the judge and prosecutor:

> Mr. Merrick: Your Honor, while we're still on the record with respect to this, I take it—I'm taking it from our discussion of the law in chambers that it would be deemed consecutive to any other sentence she would be serving?
>
> The court: Based upon the case law, it is.
>
> Mr. Merrick: Yes, Sir.
>
> The court: Okay.

N.T., Sentencing, 02/12/07, at 16. In light of this, it was within the trial court's power to modify the sentencing order to reflect its clear intent. Therefore, Bell's first claim must fail.

Bell's second claim is that the Commonwealth waived the right to challenge the sentence as expressed in the written sentencing order. We find that this claim is waived for a lack of support. "It is the Appellant who has the burden of establishing his entitlement to relief by showing that the ruling of the trial court is erroneous under the evidence or the law." *Commonwealth v. Brewer*, 876 A.2d 1029, 1035 (Pa. Super 2005)

(quoting *Miller v. Miller*, 744 A.2d 778, 788 (Pa. Super. 1999)). Therefore, where the appellant cites no authority to support its claim, the claim is waived. *See id*.

Here, Bell develops this claim in only two sentences—and without citing a single authority. We find this claim waived.

Bell next argues trial counsel's ineffective assistance for not objecting to the modification of the sentencing order. Counsel is presumed effective, and an appellant bears the burden of proving otherwise. *See Commonwealth v. Steele*, 961 A.2d 215, 223 (Pa. 2007).

> To prevail on his ineffectiveness claims, Appellant must plead and prove, by a preponderance of the evidence, three elements: (1) the underlying legal claim has arguable merit; (2) counsel had no reasonable basis for his action or inaction; and (3) Appellant suffered prejudice because of counsel's action or inaction.

*Commonwealth v. Spotz*, 18 A.3d 244, 260 (Pa. 2011) (citations omitted). "A failure to satisfy any prong of the test for ineffectiveness will require rejection of the claim." *Commonwealth v. Morrison*, 878 A.2d 102, 105 (Pa. Super. 2005) (citation omitted). Counsel cannot be deemed ineffective for failing to raise a meritless claim. *See Commonwealth v. Fears*, 86 A.3d 795, 803 (Pa. 2014).

Here, Bell's claim of ineffective assistance of counsel fails because the underlying claim is without merit. As noted, the trial court acted within its authority to correct a "clear clerical error" in the sentencing order, to ensure that it reflected the unambiguous intent expressed by the trial court during

the sentencing hearing. Since counsel cannot be deemed ineffective for failing to raise a non-meritorious claim, Bell's contention that counsel was ineffective fails.

In the fourth issue on appeal, Bell raises another ineffective assistance of counsel claim. She maintains that his trial counsel was ineffective for failing to make the argument that the Pennsylvania conviction was barred by 18 Pa.C.S.A. § 111. We need not delve very far into this issue as Bell's contention is patently false. Her counsel filed a motion to dismiss the proceedings pursuant to 18 Pa.C.S.A. § 111. **See** Motion to Dismiss Proceeding Pursuant to 18 Pa. C.S.A. § 111, 10/5/07.

Lastly, Bell asserts that trial and appellate counsel were ineffective for failing to object to a violation of the Confrontation Clause of the Sixth Amendment. Here, Bell asserts that trial and appellate counsel's failure to argue that the admission of Nurse Kathleen Galati's statements implicating Bell violated the Confrontation Clause and were analogous to a **Bruton**[1] claim. In **Bruton**, the Supreme Court of the United States held that the rights of an accused are violated, pursuant to the Confrontation Clause, when a non-testifying co-defendant's confession naming the accused as a participant in the crime is introduced *at their joint trial*. **See** 391 U.S. at 136-7. Bell claims that the statements made by Galati were "crucial to the

_____

[1] **Bruton v. United States**, 391 U.S. 123 (1968).

- 6 -

prosecution because they were used to inflame the passions and prejudices of the jury and prove an essential element of a charged offense by improper means." Appellant's Brief at 23.

Here, this claim must fail for lack of merit. Galati was not tried along with Bell in a joint trial; Galati entered a plea to one count of perjury following Bell's conviction (and was subsequently sentenced to a period of five years' probation). *See Commonwealth v. Bell*, 1460 and 1461 WDA 2007, at 8-9 n.1 (Pa. Super., filed April 7, 2010) (unpublished memorandum). "It is the particularly "devastating" prejudicial effect and inherent "unreliability" of a directly incriminating statement made by a **non-testifying co-defendant** that powered *Bruton's* exception to the general rule that cautionary charges are enough to avoid spillover prejudice in joint trials." *Commonwealth v. McCrae*, 832 A.2d 1026, 1038 (Pa. 2003) (citation omitted; emphasis in original). *Bruton* simply does not apply here as Galati was not a co-defendant. *See id*. (*Bruton* inapplicable to statements made by an individual other than a non-testifying codefendant). *See also United States v. Artis*, 917 F.Supp. 347, 349 (E.D. Pa. 1996).

What Bell is attempting in this appeal is, in actuality, a thinly veiled attempt to re-litigate a previous claim. While an ineffectiveness claim is distinct from its underlying claim, it may fail for the same reason the underlying claim failed on direct appeal. *See Commonwealth v. Collins*, 888 A.2d 564, 573-74 (Pa. 2005). Here, the underlying claim that Galati's

testimony was a violation of the Confrontation Clause was raised in the direct appeal to this Court, which ruled in a memorandum decision that it was without merit. **See Bell**, 1460 and 1461 WDA 2007, at 15-20. Therefore, this claim fails.

None of the issues complained of by Bell merit relief from this Court. Therefore, we affirm the PCRA court's denial of relief.

Order affirmed. Jurisdiction relinquished.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/5/2014